IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CITIBANK, N.A.,** *as Trustee for the Holders*
*of Structured Asset Mortgage Investments*
*II Trust 2007-AR3, Mortgage Pass-Through*
*Certificates, Series 2007-AR3***,**

    Plaintiff,

    vs.                                                No. 1:14-CV-475 MCA/KBM

**LAURENCE L. LEBRETON, JOHN DOE**
**A,** *true name unknown, her spouse*,
**MORTGAGE ELECTRONIC**
**REGISTRATION SYSTEMS, INC.,**

    Defendants,

### AMENDED MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** is before the Court on Plaintiff's *Motion for Remand* [Doc. 7] and Defendant Lebreton's *Petition/Motion for Peremptory Challenge To Excuse* [Doc. 51]. Having considered the parties' submissions, the relevant case law, and otherwise being fully advised in the premises, the Court will grant Plaintiff's motion and deny Defendant Lebreton's motion.

### I.    BACKGROUND

On March 5, 2012, Plaintiff Citibank N.A., as Trustee for the Holders of Structured Asset Mortgage Investments II Trust 2007-AR3, Mortgage Pass-Through Certificates, Series 2007-AR3 (Plaintiff), filed a Complaint for foreclosure against

---

[1] The Court's *Memorandum Opinion and Order* [Doc. 107] filed on October 16, 2014 is hereby withdrawn and the present *Amended Memorandum Opinion and Order* is filed in its place.

1

Defendants Laurence L. Lebreton, and if married, her spouse John Doe A, and Mortgage Electronic Registration Systems, Inc. (MERS) in the First Judicial District, Santa Fe County, State of New Mexico.  See Trustee of Structured Asset Mortgage Investments II Trust 2007-AR3 v. Lebreton, et al., D-101-CV-201200684 (available at https://caselookup.nmcourts.gov/caselookup/app).  On June 25, 2012, Plaintiff filed a *First Amended Complaint for Foreclosure and to Reform Vesting Deed and Mortgage*. [Doc. 1-2]

      The case was litigated in state court for approximately two years before Defendant Lebreton, proceeding *pro se*, removed the case to this Court on the basis of diversity jurisdiction.  [Doc. 1]  In her *Notice of Removal* [Doc. 1], Defendant Lebreton states that the case became removable after Plaintiff "filed a certificate regarding possession of Original Note" and that this certificate constitutes "other paper" for the purposes of removal under 28 U.S.C. § 1446(b)(3).  [Doc. 1 at 3]  On June 2, 2014, Plaintiff filed a *Motion for Remand* [Doc. 7], alleging that "[t]his matter should be remanded to state court, because Defendant's Notice of Removal is untimely," since it "was filed more than two years after she received service of the First Amended Complaint."  [Doc. 7 at 5]

## II.   STANDARD

      Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand.  See City of Neodesha v. BP Corp. N. Am., 355 F.Supp.2d 1182, 1185 (D. Kan. 2005) (quoting Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3rd Cir.1990)).  When removal is challenged, the burden rests with the removing party to prove that jurisdiction exists.  In this regard, diversity jurisdiction

depends upon all parties to one side of the case having a different citizenship from all parties to the opposing side. Id.

Federal law provides that the United States District Courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. See 28 U.S.C. § 1332(a). An action initially brought in a state court may be removed to a federal district court pursuant to the authority set forth in 28 U.S.C. § 1441, which states, in pertinent part, that

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

The procedure for removal is set forth in 28 U.S.C. § 1446, which provides, in relevant part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). However, subsection (b)(3) provides that:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable

3

28 U.S.C. § 1446(b)(3). Nonetheless, a "case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Finally, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Thus, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Id. However, it is not the "the proper function of the district court to assume the role of advocate for the pro se litigant." Id. "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id.

### III. DISCUSSION

*A.*  *Defendant Lebreton's Petition/Motion for Peremptory Challenge* [Doc. 51]

As a preliminary matter, the Court will address Defendant Lebreton's *Petition/Motion for Peremptory Challenge* [Doc. 51].

The Court notes that Plaintiff previously sought to recuse Magistrate Judges Molzen and Yarbrough [Docs. 9 and 10]. In denying Plaintiff's motion to recuse these judges, Chief Magistrate Judge Molzen entered the following order:

> THIS MATTER is before the Court on the "Pettition (sic) for Peremptory Challenge to Excuse" (Doc. 9) and "Declaration in Support" (Doc. 10). Insofar as those pro se documents could be construed as a request for recusal, they will be denied. Plaintiff sets forth no factual predicate in support of her conclusion that Magistrate Judge Yarbrough and I cannot be fair and impartial in this matter. "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is form him to do so when there is. A judge should not recuse himself on unsupported, irrational or highly tenuous speculation." Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987) (citations omitted).

Defendant Lebreton alleges that the undersigned Judge should recuse herself pursuant to 28 U.S.C. §§ 144 and 455. In her unsworn *Verified Declaration in Support of Petition for Peremptory Challenge to Excuse* [Doc. 52], Defendant Lebreton vaguely alleges that the undersigned Judge is "prejudiced against" her and that she "cannot have a fair and impartial trial or hearing."

A judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This is an objective test, based on a judge's "outward manifestations and reasonable inferences drawn therefrom," rather than the judge's actual state of mind. Nichols v. Alley, 71 F.3d 347, 351 (10th Cir.1995). Additionally, a party may request recusal by filing an affidavit with the court stating the reasons the judge is personally biased or prejudiced. 28 U.S.C. § 144. The facts alleged in the § 144 affidavit must be accepted as true, but they are construed strictly against the moving party. See Glass v. Pfeffer, 849 F.2d 1261, 1267 (10th Cir.1988). In a § 144 affidavit, "conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). "The affidavit

must state with particularity the identifying facts of time, place, persons, occasion, and circumstances." Id. "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." Id. "A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." Id.

Defendant Lebreton has failed to state, with particularity, identifying facts that would lead a reasonable person to believe that the undersigned Judge is biased against her or any other pro se party in a foreclosure action. Defendant Lebreton's conclusory beliefs and opinions are insufficient to support recusal. Accordingly, Defendant Lebreton's *Petition/Motion for Peremptory Challenge* [Doc. 51] will be denied.

B.  *Plaintiff's Motion to Remand* [Doc. 7]

"A federal court's jurisdiction must clearly appear from the face of a complaint or removal petition . . . ." Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972). Although the *First Amended Complaint*[2] alleges that "Defendants resided in Santa Fe County, New Mexico," [Doc. 1-2 at 2] it is well established that "allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity." Id. Turning to the *Notice of Removal*, Defendant Lebreton alleges that:

> The parties are diverse because MERS is headquartered within the state boundary of VA, WTNA represents several non US person 144a foreign trusts and the original complaint was filed within the boundaries of New Mexico Territory a.k.a District of New Mexico thereby meeting criteria for diversity.

These allegations are inadequate to establish diversity of citizenship. First, Plaintiff is a

---

[2] The initial pleading filed on March 5, 2012 was not provided to the Court.

6

trust whose "trustee is a real party to the controversy for purposes of diversity jurisdiction when [it] possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others."  Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 464 (1980).  The record is insufficient to determine the citizenship of Plaintiff trustee, Citibank, N.A.  Second, MERS is a corporation and "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"  28 U.S.C. § 1332(c)(1).  The fact that MERS is "headquartered within the state boundary of [Virginia]" is insufficient to establish that MERS is a citizen of Virginia for the purpose of diversity jurisdiction.  See Buell v. Sears, Roebuck & Co., 321 F.2d 468, 470 (10th Cir. 1963) ("Where there is not even a general allegation of diversity of citizenship, and where it is merely alleged with respect to a defendant that it is a corporation of a particular state, diversity of citizenship is not clearly alleged . . ." (citations omitted)).

With respect to the timeliness of removal, Plaintiff alleges that "[t]his matter was potentially removable by Defendant Lebreton upon service of the First Amended Complaint, however, Defendant let this deadline to remove pass."  [Doc. 7 at 2]  Defendant Lebreton contends, however, that the case did not become removable until after Plaintiff "filed a certificate regarding possession of Original Note" on May 12, 2014. [Doc. 1 at 3]  Defendant Lebreton did not provide the Court with the "certificate regarding possession of Original Note" and, therefore, the Court cannot determine whether the case became removable upon the filing of this document.  Because Plaintiff bears the burden to prove, by competent evidence, that diversity jurisdiction exists, this

7

dearth of evidence alone is sufficient to justify remand.  See Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.  When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof.").

Regardless, even if the Court could ascertain that this case did not become removable until after the filing of the "certificate regarding possession of Original Note," Defendant Lebreton's *Notice of Removal* is nonetheless untimely.  The present action was commenced in state court on March 5, 2012.  See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); see also Rule 1-003 NMRA ("A civil action is commenced by filing a complaint with the court.").  However, Defendant Lebreton did not file the *Notice of Removal* until more than two years later, on May 21, 2014.  [Doc. 1]  Because the *Notice of Removal* was filed more than one year after the present action was commenced in state court, and because there is no allegation, much less any evidence, to indicate that Plaintiff acted in bad faith in order to prevent removal, the Court finds that removal was untimely under 28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.").  Accordingly, that Plaintiff's *Motion for Remand* [Doc. 7] will be granted.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Lebreton's *Petition/Motion for Peremptory Challenge* [Doc. 51] is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Remand* [Doc. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** back to the First Judicial District, Santa Fe County, State of New Mexico.

**SO ORDERED** this 16th day of October, 2014, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
Chief United States District Judge